**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO DIEGO CASTRO,<br><br>                              Petitioner,<br><br>      v.<br><br>CHRISTOPHER LAROSE, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-02203-BAS-MMP<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Alejandro Diego Castro filed a habeas petition pursuant to 28 U.S.C. § 2241, claiming his immigration detention is arbitrary and has been unreasonably prolonged and that he was improperly denied a bond hearing.  (ECF No. 1.) For the reasons stated below, the Court **DENIES** the Petition.

**I.      LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678,

- 1 -

687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Mexico, was paroled into the United States via the CBP One app on May 2, 2022.  (ECF No. 1, at ¶ 1.)  He applied for asylum.  (*Id.* ¶ 5.)  While his asylum petition was pending and he was on parole, he was convicted of driving under the influence twice—once in 2024, and once in 2025.  (*Id.* ¶ 2.)  Thus, the Department of Homeland Security ("DHS") revoked Petitioner's release on parole and re-detained him on November 3, 2025.  (*Id.* ¶ 2.)

Petitioner now argues he should be released because his detention is arbitrary and has been unreasonably prolonged.  Additionally, Petitioner argues he should be given a bond hearing under 8 U.S.C. § 1226(a) because he was arrested in the interior of the United States.  Neither argument is supported by the facts.

## III.    ANALYSIS

### A.    Arbitrary or Unreasonably Prolonged Detention

The Court agrees that, at some point, immigration detention without a bond hearing can be deemed arbitrary or unreasonably prolonged and thus a violation of the detainee's due process rights.  *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").  However, Petitioner fails to show that his detention has been arbitrary or unreasonably prolonged.  Although he was initially paroled into the United States, since living here, he has incurred two convictions for driving under the influence.  Thus, DHS could legitimately determine that Petitioner poses a danger to the community and revoke his parole.  This was not arbitrary.

Nor has Petitioner's detention been for an unreasonably prolonged period of time.  He has been detained five months and fails to show that DHS is responsible for delaying

26cv2203

or prolonging his immigration proceedings. Thus, his argument that his detention is arbitrary and has been unreasonably prolonged fails.

**B.    Applicability of Section 1225(b)(2) versus Section 1226(a)**

Petitioner additionally argues that, since he was paroled into the United States at the border two years ago, he is now subject to discretionary release pursuant to 8 U.S.C. § 1226(a), rather than mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

"Two statutory sections govern the detention of noncitizens prior to a final order of removal: 8 U.S.C. §§ 1225 and 1226." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1111 (E.D. Cal. 2025). Individuals seeking admission into the United States at the border, like the Petitioner in this case, are subject to mandatory detention under § 1225. These noncitizens may be released only if DHS determines it is appropriate to parole the noncitizen into the United States, as it did for Petitioner in this case. Detention under § 1225(b) is otherwise mandatory, and individuals are not entitled to a bond hearing.

Section 1226 addresses noncitizens, not detained at the border, who are arrested while they are already living in the United States. These individuals may be released on bond if they show ties to the community in which they have been living and demonstrate they "do[] not present a danger to persons or property, [are] not a threat to the national security, and do[] not pose a risk of flight." 8 U.S.C. § 1226.

Petitioner argues that because he was paroled into the United States under § 1225, this converts his status to one under § 1226. But he provides no support for this proposition. He was detained at the border and thus was subject to mandatory detention under § 1225. DHS elected nonetheless to parole him into the United States. Now, DHS has elected to revoke this parole because of Petitioner's two DUI convictions. Because Petitioner was detained at the border, he is not subject to § 1226.

**IV.    CONCLUSION**

Petitioner fails to show that his detention has been arbitrarily or unreasonably prolonged. In addition, because he was detained at the border, he is subject to mandatory detention under § 1225(b)(2)(A) and can only be released if DHS elects to release him on

26cv2203

parole. Because DHS has elected to revoke his parole due to his DUI convictions, he is not entitled to a bond hearing. The Petition is **DENIED**. The Clerk of Court shall close the case.

     **IT IS SO ORDERED.**

**DATED: April 20, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2203